**2007 ND 204**

**In the Matter of the Application for DISCIPLINARY ACTION AGAINST TaLisa A. NEMEC, a Member of the Bar of the State of North Dakota.**

**Disciplinary Board of the Supreme Court of the State of North Dakota, Petitioner**

v.

**TaLisa A. Nemec, Respondent.**

**No. 20070358.**

Supreme Court of North Dakota.

Dec. 19, 2007.

INTERIM SUSPENSION ORDERED.

PER CURIAM.

[¶ 1]  On December 12, 2007, an Application for Order of Interim Suspension of TaLisa A. Nemec, a member of the Bar of North Dakota, was filed under N.D.R. Lawyer Discipl. 3.4.  Nemec was admitted to practice law on October 3, 2005, and is currently licensed to practice law.

[¶ 2]  The Application is supported with attached documentation, Affidavit of Steven M. Bertsch, and Affidavit of Brent J. Edison.  The Application asserts that a complaint was filed against Nemec alleging she was retained to represent Ruth Stensaker at a Social Security Disability hearing, but failed to communicate with her client and failed to appear at the hearing.  The Application also asserts that Nemec responded to the complaint and admitted to failing to appear at the Social Security Disability hearing, but alleged physical and mental health issues as mitigating factors.

[¶ 3]  The Application asserts that Nemec indicated a willingness to participate in the Lawyer Assistance Program, and disciplinary proceedings were stayed pending submission of an individualized assistance plan.  The Application further asserts that Assistant Disciplinary Counsel has been informed Nemec has not signed a participation agreement with the Lawyer Assistance Program, and Assistant Disciplinary Counsel believes Nemec is not participating in the Lawyer Assistance Program as directed.  The Application further asserts that Assistant Disciplinary Counsel has tried to reach Nemec, without success, to determine her participation in the Lawyer Assistance Program.

[¶ 4]  In a supporting Affidavit, Steven M. Bertsch asserts that he hired Nemec to represent him on a denial of Social Security Disability benefits.  Bertsch asserts that Nemec was late in filing documents and was difficult to contact; that Nemec did not return phone calls; and that Nemec moved without notifying him.  Bertsch asserts that he cannot retain new counsel

until Nemec withdraws and releases her rights as his attorney, which has not been accomplished because he has been unable to communicate with Nemec.

[¶ 5]  In an Affidavit filed December 17, 2007, Assistant Disciplinary Counsel asserts that a letter sent to Nemec by certified mail was unclaimed and returned to Disciplinary Counsel's office.  Assistant Disciplinary Counsel asserts that upon receipt of the unclaimed letter he tried to contact Nemec by phone, but the voice message indicated Nemec was out for the Thanksgiving Holiday and would return Monday, November 26, 2007.  The voice message also indicated the mailbox is full and cannot accept additional voice messages.

[¶ 6]  Assistant Disciplinary Counsel asserts that the information provided is sufficient evidence to demonstrate that Nemec has violated N.D.R. Prof. Conduct 1.3 (Diligence), 1.4 (Communication), and that under N.D. Stds. Imposing Lawyer Sanctions 4.41(a), disbarment is generally appropriate when a lawyer abandons the practice and causes serious or potentially serious injury to a client, and under N.D. Stds. Imposing Lawyer Sanctions 4.41(c), disbarment is generally appropriate when a lawyer engages in a pattern of neglect with respect to client matters and causes serious or potentially serious injury to a client.  The Court considered the matter, and

[¶ 7]  **ORDERED,** under N.D.R. Lawyer Discipl. 3.4, TaLisa A. Nemec's license to practice law in North Dakota is suspended effective immediately and until further order of this Court, pending final disposition of the disciplinary proceedings predicated upon the complaints filed.

[¶ 8]  FURTHER  ORDERED,  that Disciplinary Counsel promptly apply to the district court for a professional trustee as provided in N.D.R. Lawyer Discipl. 6.4.

[¶ 9]  **FURTHER ORDERED,** that TaLisa A. Nemec comply with N.D.R. Lawyer Discipl. 6.3.

[¶ 10] GERALD W. VANDE WALLE, C.J., and DALE V. SANDSTROM, MARY MUEHLEN MARING, CAROL RONNING KAPSNER, and DANIEL J. CROTHERS, JJ., concur.