2008 ND 216

**In the Matter of the Application for DISCIPLINARY ACTION AGAINST TaLisa A. NEMEC, a Person Admitted to the Bar of the State of North Dakota.**

**Disciplinary Board of the Supreme Court of the State of North Dakota, Petitioner**

v.

**TaLisa A. Nemec, Respondent.**

No. 20080264.

Supreme Court of North Dakota.

Dec. 3, 2008.

PER CURIAM.

[¶ 1] TaLisa A. Nemec was admitted to practice as an attorney at law in the courts of North Dakota on October 3, 2005, and her name has appeared on the roll of

attorneys since that date. Nemec was placed on interim suspension effective December 19, 2007, and until further order of the court pending final disposition of the disciplinary proceedings predicated upon the complaints filed. *Disciplinary Board v. Nemec*, 2007 ND 204, 743 N.W.2d 129.

[¶2] On January 14, 2008, Nemec admitted service of a Summons and Petition for Discipline. The Petition for Discipline alleged Nemec had agreed to represent Ruth Stensaker in a Social Security Disability matter, but failed to communicate with Stensaker and failed to appear for the hearing. The Petition further alleges Nemec admitted failing to appear for the hearing, but asserted physical and mental health issues were mitigating factors. The Petition also alleges Nemec was referred to the Lawyer Assistance Program by the Inquiry Committee West, but did not follow through as directed. At the time the Petition was served, it was undetermined whether Nemec was participating in the Lawyer Assistance Program.

[¶3] The Petition further asserts Nemec was hired by Steven Bertsch to represent him in a Social Security Disability matter. The Petition asserts Nemec was late to file documents; was difficult to contact; did not return phone calls; and moved without notifying Bertsch. The Petition also asserts Bertsch was unable to hire new counsel until Nemec withdrew and released her rights as his attorney, which had not been accomplished because she could not be contacted. The Petition asserts Bertsch's allegations, which formed the basis for the Nemec's interim suspension, are true as Nemec did not request an opportunity to be heard on the Application for Order of Interim Suspension.

[¶4] The Petition for Discipline asserts Nemec's conduct is a violation of N.D.R. Prof. Conduct 1.1, Competence, (a lawyer shall provide competent representation to a client); 1.3, Diligence, (a lawyer shall act with reasonable diligence and promptness in representing a client); 1.4, Communication, (a lawyer shall reasonably consult with the client about the means by which the client's objectives are to be accomplished; explain a matter to the extent reasonably necessary to permit the client to make informed decisions regarding the representation; and promptly comply with the client's reasonable requests for information); 1.16(b), Declining or Terminating Representation, (a lawyer may withdraw from representing a client if withdrawal can be accomplished without material adverse effect on the interests of the client); and 8.1(b), Bar Admissions and Disciplinary Matters, (a lawyer shall not knowingly fail to respond to a lawful demand for information from an admissions or disciplinary authority).

[¶5] Nemec did not answer the Petition for Discipline and Assistant Disciplinary Counsel filed a Motion for Default Findings, Conclusions and Recommendation; Affidavit of Brent Edison; e-mail messages; Brief in Support; Affidavit of Costs and Expenses; and Supplemental Affidavit of Brent Edison with attachments. This matter was heard on August 11, 2008, before the Hearing Panel with Nemec and Assistant Disciplinary Counsel present. The Hearing Panel heard testimony and received exhibits, and on October 16, 2008, the Hearing Panel filed its Report of Hearing Panel. On October 16, 2008, an Affidavit of Partial Costs and Expenses, which included costs for the hearing, was also filed.

[¶6] The Hearing Panel found Nemec agreed to represent Ruth Stensaker, but failed to communicate with her and failed to appear for the Social Security Disability hearing. The Hearing Panel further found Nemec's health was declining during this time, which lead to a reduction in her

client case load, and in an effort to reduce financial stress, Nemec moved from Bismarck, N.D., to Steele, N.D. The Hearing Panel found Nemec had responded to Stensaker's complaint by letter dated January 19, 2007, admitting her failure to appear at the hearing but alleging physical and mental health issues were mitigating factors, and Nemec indicated a willingness to participate in the Lawyer Assistance Program.

[¶ 7]   The Hearing Panel found the Inquiry Committee West referred Nemec to the Lawyer Assistance Committee and stayed further disciplinary proceedings pending her screening and submission of an individual assistance plan.   The Hearing Panel further found the Lawyer Assistance Program Committee notified Nemec she was a candidate for the Lawyer Assistance Program and outlined steps for her to take, including signing a participation agreement.   The Hearing Panel found while Nemec made contact with the Lawyer Assistance Program Committee, she never signed a participation agreement and did not use the Lawyer Assistance Program as directed by the Inquiry Committee West.

[¶ 8]   The Hearing Panel found prior to filing the Petition for Discipline, Assistant Disciplinary Counsel unsuccessfully attempted to contact Nemec to determine whether she was participating in the Lawyer Assistance Program; Nemec failed to respond to a number of written, e-mail, and telephone communications from Assistant Disciplinary Counsel.   The Hearing Panel found Nemec continued to experience financial, family and health issues including her husband and children moving to Montana without her.   The Hearing Panel found during the 2007 Thanksgiving holiday, Nemec tried to reconcile with her husband in Montana, and during this time,

Nemec's office answering machine reached full capacity.

[¶ 9]   The Hearing Panel found Nemec was hired by Steven Bertsch to represent him in a Social Security matter, but Bertsch had been unable to contact Nemec regarding the representation.   The Hearing Panel found Bertsch had filed a complaint which formed the basis of Nemec's interim suspension.   *Disciplinary Board v. Nemec*, 2007 ND 204, 743 N.W.2d 129.

[¶ 10]   The Hearing Panel found Nemec admitted the assertions by Stensaker and Bertsch in that she did not request an opportunity to be heard on the Application for Order of Interim Suspension; did not answer the Petition for Discipline; admitted the material allegations in the Petition for Discipline; and had not otherwise demonstrated the existence of any material issues of fact.   The Hearing Panel found Nemec had abandoned the practice of law by moving to Montana, by failing to notify, communicate with, or otherwise look after her clients' interests in North Dakota.   Finally the Hearing Panel found Nemec is receiving professional counseling services in connection with her mental health issues.

[¶ 11]   The Hearing Panel concluded Nemec's conduct violated N.D.R. Prof. Conduct 1.1, Competence;   1.3, Diligence; 1.4, Communication;   1.16(b), Declining or Terminating Representation;   and 8.1(b), Bar Admissions and Disciplinary Matters. The Hearing Panel considered Nemec's pattern of misconduct an aggravating factor under N.D. Stds. Imposing Lawyer Sanctions 9.22(c).   The Hearing Panel considered mitigating factors under N.D. Stds. Imposing Lawyer Sanctions 9.32(a), absence of prior disciplinary record; 9.32(b), absence of a selfish or dishonest motive;   9.32(c), personal or emotional problems;   and 9.32(f), inexperience in the practice of law.   The Hearing Panel con-

sidered sanctions under N.D. Stds. Imposing Lawyer Sanctions 4.41 and 4.42 and concluded the mitigating factors weigh in favor of suspension. The Hearing Panel recommends Nemec be suspended from the practice of law for eighteen months retroactive to December 19, 2007, and pay the costs and expenses of the disciplinary proceeding in the amount of $1,964.34.

[¶ 12]   The Report of the Hearing Panel was referred to the Supreme Court under N.D.R. Lawyer Discipl. 3.1(F).  Objections were due by November 6, 2008, and no objections were filed.  The Supreme Court considered the matter, and

[¶ 13]   **ORDERED,** the Report of the Hearing Panel filed October 16, 2008, is accepted, and TaLisa A. Nemec is suspended from the practice of law for a period of eighteen months, retroactive to December 19, 2007, for violation of N.D.R. Prof. Conduct 1.1, Competence; 1.3, Diligence; 1.4, Communication; 1.16(b), Declining or Terminating Representation; and 8.1(b), Bar Admissions and Disciplinary Matters.

[¶ 14]   **FURTHER ORDERED,** TaLisa A. Nemec pay the costs and expenses of the disciplinary proceeding in the amount of $1,964.34, payable to the Secretary of the Disciplinary Board.

[¶ 15] GERALD W. VANDE WALLE, C.J., DALE V. SANDSTROM, MARY MUEHLEN MARING, DANIEL J. CROTHERS, and CAROL RONNING KAPSNER, JJ., concur.