2009 ND 58

**In the Matter of the Application for DISCIPLINARY ACTION AGAINST TaLisa A. NEMEC, a Member of the Bar of the State of North Dakota**

**Disciplinary Board of the Supreme Court of the State of North Dakota, Petitioner**

v.

**TaLisa A. Nemec, Respondent.**

**Nos. 20090077, 20090078.**

Supreme Court of North Dakota.

April 9, 2009.

SUSPENSION ORDERED

PER CURIAM.

[¶ 1] TaLisa A. Nemec was admitted to practice as an attorney at law in the courts of North Dakota on October 3, 2005, and her name has appeared on the roll of attorneys since that date. Nemec was placed on interim suspension effective December 19, 2007, and until further order of the court pending final disposition of the disciplinary proceedings predicated upon the complaints filed. *Disciplinary Board v. Nemec,* 2007 ND 204, 743 N.W.2d 129. The final disposition was filed December 3, 2008, when Nemec was suspended from the practice of law for a period of eighteen months, retroactive to December 19, 2007, for violation of N.D.R. Prof. Conduct 1.1, Competence; 1.3, Diligence; 1.4, Communication; 1.16(b) Declining or Terminating Representation; and 8.1(b), Bar Admissions and Disciplinary Matters. *Disciplinary Board v. Nemec,* 2008 ND 216, 758 N.W.2d 660.

[¶ 2] On January 8, 2009, Nemec admitted service of a Summons and Petition for Discipline. The Petition for Discipline alleged Nemec represented Heather Graner in a family law matter in District Court. After adverse findings against Graner, Nemec acted as Graner's attorney on her appeal. By decision filed August 22, 2007, this Court affirmed in part, and reversed in part, and remanded the case for further proceedings in the district court. *Graner v. Graner,* 2007 ND 139, 738 N.W.2d 9. During a telephone conference that took place on the day the North Dakota Supreme Court announced its decision, Nemec told Graner she was going to research the implications of the decisions and get back to Graner the following week. Despite email and telephone messages from Graner, Nemec abandoned her client, never communicating with Graner again.

[¶ 3] The Petition further asserts that Nemec undertook representation of Wayne Zahn for the purpose of appealing his

judgments of conviction upon jury verdicts for criminal charges, as well as assist Zahn with a petition for post-conviction relief. Nemec handled Zahn's appeal to its conclusion but thereafter failed to communicate with Zahn, failed to advise Zahn of her suspension from the practice of law, failed to return Zahn's file to him (until a court-appointed trustee did so), and failed to assist Zahn in filing a petition for post conviction relief.

[¶ 4] The Petition further alleges that Nemec abandoned the practice of law, moving to Montana in the days prior to the Thanksgiving Holiday 2007 but failed to notify, communicate with, or otherwise look after the interests of her clients, including Graner and Zahn.

[¶ 5] The Petition for Discipline asserts Nemec's conduct is a violation of N.D.R. Prof. Conduct 1.1, Competence, (a lawyer shall provide competent representation to a client); 1.3, Diligence, (a lawyer shall act with reasonable diligence and promptness in representing a client); 1.4, Communication, (a lawyer shall reasonably consult with the client about the means by which the client's objectives are to be accomplished; explain a matter to the extent reasonably necessary to permit the client to make informed decisions regarding the representation; and promptly comply with the client's reasonable requests for information); 1.16(b), Declining or Terminating Representation, (a lawyer may withdraw from representing a client if withdrawal can be accomplished without material adverse effect on the interests of the client); 1.16(e), Declining or Terminating Representation, (upon termination of representation, a lawyers shall take steps to the extent reasonably necessary to protect a client's interest); 8.1(b), Bar Admissions and Disciplinary Matters, (a lawyer shall not knowingly fail to respond to a lawful demand for information from an admissions or disciplinary authority); N.D.R. Lawyer Discipl. 1.2A(8), (a lawyer shall not engage in conduct prejudicial to justice); and N.D.R. Lawyer Discipl. 6.3, Notice of Status, (a lawyer who has been subject to an order of suspension to cause notice to be given to all clients being represented in pending matters that the lawyer cannot act as a lawyer after the effective date of the order).

[¶ 6] Nemec did not answer the Petition for Discipline. A Stipulation, Consent to Discipline and Recommendation of Hearing Panel was filed March 3, 2009. In the Stipulation, Nemec consented to suspension from the practice of law for twenty-four months, retroactive to December 19, 2007, to run concurrently with the eighteen month suspension imposed in *Disciplinary Board v. Nemec*, 2008 ND 216, 758 N.W.2d 660. Nemec further stipulated that she may not apply for reinstatement under Rule 4.5, N.D.R. Lawyer Discipl., until 60 days before the expiration of the stipulated period of suspension, that she pay costs and expenses in the amount of $250, that her consent to discipline was freely and voluntarily rendered without coercion or duress while being fully aware of the implications of the consent and that she knows the charges cannot be successfully defended.

[¶ 7] The Stipulation, Consent to Discipline and Recommendation of Hearing Panel was referred to the Supreme Court under N.D.R. Lawyer Discipl. 3.1(F). The Supreme Court considered the matter, and

[¶ 8] **ORDERED,** the Stipulation, Consent to Discipline and Recommendation of Hearing Panel filed March 3, 2009, is accepted, and TaLisa A. Nemec is suspended from the practice of law for a period of twenty-four months, retroactive to December 19, 2007, to run concurrently with the eighteen month suspension imposed in *Disciplinary Board v. Nemec*, 2008 ND

216, 758 N.W.2d 660, for violation of N.D.R. Prof. Conduct 1.1, Competence; 1.3, Diligence; 1.4, Communication; 1.16(b), Declining or Terminating Representation; 1.16(e), Declining or Terminating Representation; 8.1(b), Bar Admissions and Disciplinary Matters; N.D.R. Lawyer Discipl. 1.2A(8), Grounds for Discipline, and N.D.R. Lawyer Discipl. 6.3, Notice of Status.

[¶ 9] **FURTHER ORDERED,** TaLisa A. Nemec pay the costs and expenses of the disciplinary proceeding in the amount of $250.00, payable to the Secretary of the Disciplinary Board.

[¶ 10] **FURTHER ORDERED,** TaLisa A. Nemec comply with N.D.R. Lawyer Discipl. 4.5 regarding reinstatement.

[¶ 11] GERALD W. VANDE WALLE, C.J., DANIEL J. CROTHERS, CAROL RONNING KAPSNER, MARY MUEHLEN MARING and DALE V. SANDSTROM, JJ., concur.