2011 ND 128

**In the Matter of the Application for REINSTATEMENT of TaLisa A. NEMEC.**

**TaLisa A. Nemec, Petitioner**

v.

**Disciplinary Board of the Supreme Court of the State of North Dakota, Respondent.**

**No. 20110136.**

Supreme Court of North Dakota.

July 11, 2011.

## LAWYER REINSTATEMENT ORDERED.

### PER CURIAM.

[¶ 1] TaLisa A. Nemec, Bar I.D. 06155, was admitted as an attorney in the State of North Dakota on October 3, 2005. Nemec was placed on interim suspension effective December 19, 2007, until further order of the Court. *Disciplinary Board v. Nemec,* 2007 ND 204, 743 N.W.2d 129. Subsequently, Nemec was placed on suspension for a period of eighteen months, retroactive to December 19, 2007. *Disciplinary Board v. Nemec,* 2008 ND 216, 758 N.W.2d 660. Thereafter, Nemec was placed on suspension for a period of twenty-four months, retroactive to December 19, 2007, and to run concurrently with the eighteen-month suspension in *Disciplinary Board v. Nemec,* 2008 ND 216, 758 N.W.2d 660. *Disciplinary Board v. Nemec,* 2009 ND 58, 764 N.W.2d 190.

[¶ 2] Nemec was suspended for violating N.D.R. Prof. Conduct 1.1, Competence; 1.3, Diligence; 1.4, Communication; 1.16(b), Declining or Terminating Representation; 1.16(e), Declining or Terminating Representation; 8.1(b), Bar Admissions and Disciplinary Matters; N.D.R. Lawyer Discipl. 1.2A(8), Grounds for Discipline, and N.D.R. Lawyer Discipl. 6.3, Notice of Status, for conduct occurring before and after her interim suspension.

[¶ 3] On January 24, 2011, Nemec filed a Petition for Reinstatement with the Disciplinary Board of the Supreme Court. The matter was assigned to a Hearing Panel of the Disciplinary Board, and after consideration of the Petition, affidavits, evidence, testimony, and arguments, the Hearing Panel filed its Report on May 9, 2011.

[¶ 4] In its Report, the Hearing Panel found Nemec has a long history of alcohol addiction and recovery. The Hearing Panel found that at the time of her suspension, she was not participating in an appropriate recovery program, which contributed to mental health issues that were a causative factor in the misconduct for which she was disciplined. The Hearing Panel found Nemec has since completed an intensive inpatient program for chemical dependency, aftercare, participated in Alcoholics Anonymous, worked with sponsors, and attended addiction support meetings at intervals recommended by the sponsors. The Hearing Panel noted her addiction counselor, sponsor, and her support group sponsor testified or filed written evidence in support of Nemec's reinstatement.

[¶ 5] The Hearing Panel found Nemec was, at the time of the hearing and for the proceeding year, employed as a legal assistant in the legal department of the Dawson County Domestic Violence Program, in Glendive, Montana, but was not engaging in the practice of law. Sheila Newman and John T. Hrubes, attorneys with the Dawson County Domestic Violence Program, submitted written evidence of her work performance and in support of her reinstatement.

[¶ 6] The Hearing Panel was concerned about two short incidents of relapse in July and November 2010. Its concern was allayed by testimony from Nemec, her addiction counselor, and her support group sponsor that she reported each incident to her support group sponsors and staff members at the aftercare program, and that she reworked her recovery program.

[¶ 7] The Hearing Panel acknowledged receiving written evidence from two people in opposition to Nemec's reinstatement. However, the Hearing Panel found the

letters supported the appropriateness of Nemec's suspension, but not her continued suspension.

[¶ 8] The Hearing Panel found Nemec delayed applying for reinstatement until January 2011 to prove to herself she could re-enter the workforce; fulfilled her Continuing Legal Education obligations for reinstatement; complied with the terms and conditions of all applicable disciplinary orders and rules; has paid all costs and expenses assessed in prior disciplinary proceedings; and has not engaged or attempted to engage in the unauthorized practice of law.

[¶ 9] The Hearing Panel further found Nemec recognized the wrongfulness and seriousness of the conduct for which she was suspended; Nemec has the requisite honesty and integrity to practice law; Nemec is fit and competent to practice law; and Nemec is pursuing appropriate rehabilitation treatment for her alcohol addiction. Nemec agreed, that if she resumes the practice of law in North Dakota, she will associate with an experienced supervising lawyer.

[¶ 10] Based on its findings, the Hearing Panel concluded Nemec is fit and competent to practice law; has fully complied with all disciplinary orders and rules; has not engaged or attempted to engage in the unauthorized practice of law during suspension; that she is pursuing appropriate rehabilitation treatment for her alcohol addiction; that she recognizes the wrongfulness and seriousness of the misconduct for which she was suspended; and has not engaged or attempted to engage in the unauthorized practice of law.

[¶ 11] The Hearing Panel further concluded that further precautions should be taken to ensure that the public is protected upon Nemec's return to the practice of law. Nemec agreed to the following conditions: abstention from the use of alcohol or other mood altering substances, except as prescribed by a physician; active participation in Alcoholics Anonymous; work with a sponsor and attendance at support group meetings at intervals recommended by the sponsor; and limitation on the practice of law in North Dakota to association with an experienced supervising lawyer.

[¶ 12] The Report of the Hearing Panel was submitted to the Court under N.D.R. Lawyer Discipl. 4.5, recommending that Nemec be reinstated to the practice of law subject to the conditions listed in paragraph 11 above. Further, the Hearing Panel recommended Nemec be allowed to apply to the Disciplinary Board to lift the conditions of reinstatement when evidence demonstrates they are no longer needed. No objections were filed. The Court considered the matter, and

[¶ 13] **ORDERED,** the Report of the Hearing Panel filed May 9, 2011, is adopted, and Nemec must comply with the following conditions:

1. Abstention from the use of alcohol or other mood altering substances, except as prescribed by a physician;

2. Active participation in Alcoholics Anonymous;

3. Work with a sponsor and attendance at support group meetings at intervals recommended by the sponsor; and

4. Limitation on the practice of law in North Dakota to association with an experienced supervising lawyer licensed in North Dakota.

5. File an Affidavit with the Secretary of the Disciplinary Board every six months indicating compliance with all conditions.

[¶ 14] **FURTHER ORDERED,** TaLisa A. Nemec be reinstated to the practice of law in the State of North Dakota effective upon payment of her license fee.

[¶ 15] **FURTHER ORDERED,** TaLisa A. Nemec pay the costs and expenses of the reinstatement proceeding in the amount of $2,191.34.