2015 ND 15

**In the Matter of the Application for REINSTATEMENT OF Talisa A. NEMEC**

**TaLisa A. Nemec, Petitioner**

v.

**Disciplinary Board of the Supreme Court of the State of North Dakota, Respondent.**

**No. 20110136.**

Supreme Court of North Dakota.

Jan. 15, 2015.

PER CURIAM.

[¶ 1]   The Supreme Court has before it the Memorandum Opinion and Recommendation to Lift the Conditions of Reinstatement recommending the conditions of Nemec's reinstatement to practice law in North Dakota be lifted. We adopt the hearing panel's recommendation, and we lift the conditions of Nemec's reinstatement.

[¶ 2]   TaLisa A. Nemec was admitted as an attorney in the State of North Dakota on October 3, 2005. Nemec was placed on interim suspension effective December 19, 2007, until further order of the Court. *Disciplinary Board v. Nemec,* 2007 ND 204, 743 N.W.2d 129. Subsequently, Nemec was placed on suspension for a period of eighteen months, retroactive to December 19, 2007. *Disciplinary Board v. Nemec,* 2008 ND 216, 758 N.W.2d 660. Thereafter, Nemec was placed on suspension for a period of twenty-four months, retroactive to December 19, 2007, and to run concurrently with the eighteen-month suspension in *Disciplinary Board v. Nemec,* 2008 ND 216, 758 N.W.2d 660. *Disciplinary Board v. Nemec,* 2009 ND 58, 764 N.W.2d 190.

[¶ 3]   On January 24, 2011, Nemec filed a Petition for Reinstatement with the Disciplinary Board of the Supreme Court. A hearing panel of the Disciplinary Board, recommended she be reinstated with conditions. On July 11, 2014, we reinstated Nemec with the following conditions:

1.   Abstention from the use of alcohol or other mood altering substances, except as prescribed by a physician;

2.   Active participation in Alcoholics Anonymous;

3.   Work with a sponsor and attendance at support group meetings at intervals recommended by the sponsor; and

4.   Limitation on the practice of law in North Dakota to association with an experienced supervising lawyer licensed in North Dakota.

5.   File an Affidavit with the Secretary of the Disciplinary Board every six months indicating compliance with all conditions.

*Nemec v. Disciplinary Board,* 2011 ND 128, ¶ 13, 799 N.W.2d 370. Nemec was also ordered to pay the costs and expenses of the reinstatement proceeding.

[¶ 4]   On August 27, 2014, Nemec filed an application to lift the conditions of her reinstatement.   A hearing was held before a hearing panel of the Disciplinary Board. At the hearing, Nemec testified regarding her alcoholism recovery.   Nemec has an Alcoholics Anonymous sponsor, and she has attended Alcoholics Anonymous meetings, Evangel Temple meetings and sober activities on a regular basis.   Nemec's supervising attorney supports lifting the conditions of her reinstatement, because he believes they are no longer necessary. Nemec participated in the Lawyer Assistance Program.   Her mentor in that program submitted a letter supporting lifting the conditions of her reinstatement.

[¶ 5]   The hearing panel concluded lifting the conditions of Nemec's reinstatement will not negatively impact her dedication to recovery from alcoholism.   It also concluded supervision of Nemec is no longer necessary.   Nemec met the reporting requirements of the conditions of her reinstatement, and if the other conditions are lifted, the hearing panel recommended lifting the reporting requirement.

[¶ 6]   The memorandum opinion and recommendation to lift the conditions of reinstatement by the hearing panel was served on November 14, 2014, and forwarded to the Supreme Court.   Objections to the memorandum opinion and recommendation were due within 20 days of service of the report.   No objections were received, and the matter was submitted to the Court for consideration.

[¶ 7]   **ORDERED,** that memorandum opinion and recommendation to lift the conditions of reinstatement of the hearing panel are adopted.

[¶ 8]   **IT IS FURTHER ORDERED,** that the conditions on Nemec's reinstatement are lifted, effective upon entry of the order in this matter.

[¶ 9]   GERALD W. VANDE WALLE, C.J., DALE V. SANDSTROM, CAROL RONNING KAPSNER, DANIEL J. CROTHERS, and LISA FAIR McEVERS, JJ., concur.