2017 ND 221

**In the MATTER OF the Application for DISCIPLINARY ACTION AGAINST TaLisa A. NEMEC, A Person Admitted to the Bar of the State of North Dakota**

**Disciplinary Board of the Supreme Court of the State of North Dakota, Petitioner**

v.

**TaLisa A. Nemec, Respondent**

**No. 20170257**

Supreme Court of North Dakota.

Filed 9/18/2017

DISBARMENT ORDERED.

Per Curiam.

[¶1] The Court has before it the report including the findings, conclusions, and

recommendations of a hearing panel of the Disciplinary Board recommending that Ta-Lisa A. Nemec be disbarred from the practice of law in North Dakota, pay restitution to her client, and pay the costs and expenses of the disciplinary proceeding for violations of the North Dakota Rules of Professional Conduct. We accept the report and we disbar Nemec from the practice of law in North Dakota effective immediately. We order her to pay restitution to the client and to the client protection fund, and we order her to pay costs and expenses of the disciplinary proceeding in the amount of $250.

[¶2] Nemec was admitted to practice law in North Dakota on October 3, 2005. Nemec was placed on interim suspension effective December 19, 2007, until further order of the Court. *Disciplinary Board v. Nemec*, 2007 ND 204, 743 N.W.2d 129. Subsequently, Nemec was placed on suspension for a period of eighteen months, retroactive to December 19, 2007. *Disciplinary Board v. Nemec*, 2008 ND 216, 758 N.W.2d 660. Thereafter, Nemec was placed on suspension for a period of twenty-four months, retroactive to December 19, 2007, and to run concurrently with the eighteen-month suspension in *Disciplinary Board v. Nemec*, 2008 ND 216, 758 N.W.2d 660. *Disciplinary Board v. Nemec*, 2009 ND 58, 764 N.W.2d 190. On January 24, 2011, Nemec was reinstated to the practice of law in North Dakota with conditions. *Disciplinary Board v. Nemec*, 2011 ND 128, ¶ 13, 799 N.W.2d 370. On January 15, 2015, the conditions of reinstatement were lifted. *Disciplinary Board v. Nemec*, 2015 ND 15, 858 N.W.2d 326. Nemec did not pay her license fee in 2017, and she has not been licensed since December 31, 2016.

[¶3] The hearing panel made the following findings and conclusions. Nemec represented a client in a divorce. The client paid Nemec a $4,500 retainer. Nemec was not diligent in proceeding with the case and failed to follow up to ensure the divorce was accomplished in a timely manner. Nemec failed to adequately communicate with the client, who experienced several delays obtaining information from Nemec.

[¶4] By failing to pay the license fee for 2017, Nemec was not licensed after December 31, 2016. She knowingly allowed her license to expire without concluding the client's matter. She also failed to communicate with the client for approximately one year and did not inform him her license expired. Her actions constituted abandonment of the client.

[¶5] Nemec failed to perform services for the client. She caused the client potentially serious injury because he was not represented. His interests were not protected in the divorce, and he was not able to obtain a divorce in a timely manner. Nemec failed to return the client's file or refund any portion of the client's retainer or unearned fees.

[¶6] Nemec was served a summons and petition for discipline. The hearing panel considered the matter upon Disciplinary Counsel's motion for default. Nemec failed to answer the petition, and she is in default. The charges in the petition for discipline are deemed admitted under N.D.R. Lawyer Discipl. 3.1(E)(2). On July 6, 2017, the hearing panel filed its report.

[¶7] Nemec violated N.D.R. Prof. Conduct 1.3, Diligence, by failing to act with reasonable diligence and promptness in representing the client; N.D.R. Prof. Conduct 1.4, Communication, by failing to make reasonable efforts to keep the client reasonably informed about the status of his case and failed to promptly comply with request for information; and N.D.R. Prof. Conduct 1.16(e), Declining or Terminating Representation, by failing to reasonably protect the client's interests upon termination of her representation and

failed to return the client's file and any unearned fees. After considering the aggravating factors under N.D. Stds. Imposing Lawyer Sanctions 9.22, of prior disciplinary offenses, a pattern of misconduct and substantial experience in the practice of law, the hearing panel recommended the sanction of disbarment.

[¶8] This matter was referred to the Supreme Court under N.D.R. Lawyer Discipl. 3.1(F). No objections were filed. We considered the matter, and,

[¶9] **ORDERED**, that the report of the hearing panel is accepted.

[¶10] **IT IS FURTHER ORDERED**, that Nemec is disbarred from the practice of law in North Dakota, effective immediately.

[¶11] **IT IS FURTHER ORDERED**, that Nemec pay $4,500 restitution to the client within 60 days of entry of judgment in this matter.

[¶12] **IT IS FURTHER ORDERED**, that for any amounts already paid by the North Dakota Client Protection Fund on Nemec's behalf, she make restitution within 60 days of entry of the judgment in this matter. For any amounts relating to this matter paid in the future by the North Dakota Client Protection Fund, Nemec make restitution to the Fund within 60 days of receiving notice payment was made.

[¶13] **IT IS FURTHER ORDERED**, that Nemec pay the costs and expenses of these disciplinary proceedings in the amount of $250 within 60 days of the entry of judgment, payable to the Secretary of the Disciplinary Board, Judicial Wing, 1st Floor, 600 East Boulevard Avenue, Bismarck, ND 58505-0530.

[¶14] **IT IS FURTHER ORDERED**, that Nemec must comply with N.D.R. Lawyer Discipl. 6.3 regarding notice.

[¶15] **IT IS FURTHER ORDERED**, that any reinstatement is governed by N.D.R. Lawyer Discipl. 4.5.

[¶16] Gerald W. VandeWalle, C.J.

Jerod E. Tufte

Daniel J. Crothers

Lisa Fair McEvers

Jon J. Jensen